IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mohammad Ghiath Alimam, | No. CV-25-02437-PHX-KML (DMF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kristopher Kline, et al., | |
| Respondents. | |

**TO THE HONORABLE KRISSA M. LANHAM, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 9).[1]

**I.   PROCEDURAL HISTORY AND BACKGROUND**

Through counsel, Petitioner Mohammad Alimam ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking release from immigration detention ("Petition") (Doc. 1). The Petition names as Respondents: Florence Correctional Complex Warden Kristopher Kline; Immigrations and Customs Enforcement ("ICE") Officials John Cantu and Todd Lyons; Department of Homeland Security Secretary Kristi Noem; and United States Attorney General Pam Bondi (*Id.*).

---

[1] Citation to the record as "Doc." indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-25-02437-PHX-KML (DMF).

The Court screened the Petition, dismissed counts one and two of the Petition, and required Respondents to answer count three of the Petition in which Petitioner claims his current immigration detention violates his due process rights under Due Process Clause of the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001) (Doc. 4; *see also* Doc. 1 at 11-12). In the Screening Order, the Court observed:

> Petitioner alleges his order of removal was issued in 201[6]. "[W]hen an alien is ordered removed the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). The 90-day removal period under 8 U.S.C. § 1231(a)(1)(B) was likely triggered in 201[6]. Petitioner's release from custody for nearly ten years suggests petitioner's detention at this juncture may be unreasonable under *Zadvydas*. *See* 533 U.S. at 701. The court will require respondents to answer this claim.

(Doc. 4 at 2-3).[2]

On August 18, 2025, Respondents filed a Response to Petition for Writ of Habeas Corpus ("Answer") (Docs. 6 & 7, which are identical including attachments). The declaration submitted as an attachment to the Answer reflects that Petitioner was previously in immigration detention from October 3, 2015, to October 7, 2016, when Petitioner was released from custody on an order of supervision (Doc. 6-1 at 2-3 ¶¶ 7-14). "On June 2, 2016, an IJ in Florence, AZ, ordered [Petitioner] removed from the United States to Syria" (Doc. 6-1 at 3 ¶ 10), a removal order which became final thirty days later on July 2, 2016 (*see* Doc. 6 at 2). While in immigration custody in August 2016, Petitioner "filed an Application for Temporary Protected Status, Form I-821 . . . with U.S. Citizenship and Immigration Services (USCIS)" (Doc. 6-1 at 3 ¶ 13). "On January 11, 2019, [Petitioner]'s wife filed a Refugee/Asylee Relative Petition, Form I-730, with USCIS, on [Petitioner's] behalf" (Doc. 6-1 at 4 ¶ 23). As of most recent information on August 13, 2025, Petitioner's Form I-821 and Form I-730 remain pending (*Id.* at 5 ¶ 37). "On July 11, 2025, Homeland Security Investigations (HSI) encountered [Petitioner] at the USCIS

---

[2] The Petition states that the order of removal was issued in 2016, not 2015, and thus the corrections in the quoted text of the Court's previous Order (*see* Doc. 1 at 7 ¶ 24).

1 office in Phoenix, AZ, and transported him to the ICE Phoenix Field Office in Phoenix, AZ, for further processing" (*Id.* at 4-5 ¶ 36). In addition, as of August 13, 2025, per "HQ Removal International Operations (RIO), removals to Syria will not be conducted until further notice" (*Id.* at 5 ¶ 38).

On August 21, 2025, Petitioner filed a reply in support of Petition count three (Doc. 8). In addition to arguments in support of granting Petition count 3, the reply attaches documentation of Petitioner's compliance with required check ins pursuant to his release conditions issued in October 2016 (Doc. 8-1). As relief, Petitioner requests that the Court "declare that [Petitioner's] continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, grant his petition for writ of habeas corpus, order Respondents to release him from custody, prohibit Respondents from re-detaining him absent a material change in his circumstances, and grant such further relief that the Court deems just and proper" (Doc. 8 at 9). Alternatively, an evidentiary hearing is urged (*Id.* at 10).

## II.   DISCUSSION

Petition count three contests Petitioner's continued immigration detention pursuant to a valid final removal order under 8 U.S.C. § 1231 as a violation of Petitioner's due process rights under Due Process Clause of the Fifth Amendment and *Zadvydas*, 533 U.S. at 678 (Doc. 1).

In the section of their Answer regarding the standard for detention of aliens pending removal, Respondents acknowledge that binding applicable law does not allow indefinite detention after the ninety day mandatory period of detention, that over six months detention is presumptively unreasonable, and that once Petitioner has shown that removal is not likely in the reasonably foreseeable future then the burden shifts to the Government to show that removal is substantially likely in the reasonably foreseeable future (Doc. 6 at 3-4).

Nevertheless, in arguing that Petition count 3 should be denied, Respondents state:

> Petitioner is subject to a valid final order of removal. Exhibit A at ¶ 10. Thus, his detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533

> U.S. 678, 688-89 (2001). *See* 8 U.S.C. 1231(a)(1)(B). Petitioner has been detained since July 11, 2025, or a little over a month, and substantially less than six months. Ex. A at ¶ 36. Petitioner filed this Petition the same day he was detained. *Id.* at ¶ 36. During his short detention, HQ RIO recently issued new guidance that removals to Syria will not be conducted until further notice. The Government cannot currently remove Petitioner to Syria as of the date of this filing, making it difficult to rebut his assertion that there is no significant likelihood of removal to Syria in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 699. However, the United States notes that this is a rapidly evolving area and subject to change. Removals to Syria only recently ceased and were being conducted as recently as August 8, 2025. Given that Petitioner has only been detained one month, and removals could resume to Syria, the Court should deny the habeas petition. *Id.*

(Doc. 6 at 4-5). Respondents' arguments do not address Petitioner's previous detention pending removal before his release in 2016.

The parties agree that the United States Supreme Court has held that 8 U.S.C. § 1231 "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. Further, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Although Petitioner has not yet been detained by immigration officials for over six months since most recently being taken into custody in July 2025, Petitioner was previously detained in immigration custody for over a year, including over 90 days after his final order of removal, before his release on conditions in October 2016. No change in circumstances of Petitioner's compliance with release conditions or otherwise have been alleged, let alone shown, between Petitioner's release in October 2016 and subsequent arrest over nine years later in July 2025. On this record, there is no significant likelihood that Petitioner will be removed to Syria in the reasonably foreseeable future. Indeed, the prospect and timing of possible removal to Syria is speculative. Consistent with the cases cited by Petitioner (Doc. 8 at 5-8), Petitioner is entitled to release and the other relief he seeks pursuant to his due process rights and under *Zadvydas*, 533 U.S. at 699. *See also M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *15 (D. Or. Aug. 21, 2025).

Accordingly,

**IT IS RECOMMENDED** that Ground Three of the Petition (Doc. 1) be granted forthwith.

**IT IS FURTHER RECOMMENDED** that Petitioner be ordered immediately released from immigration custody subject to the same supervision conditions and other requirements which preceded his recent immigration detention in July 2025.

**IT IS FURTHER RECOMMENDED** that Respondents be prohibited from re-detaining Petitioner absent a material change in circumstances.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.  In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 29th day of August, 2025.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

- 5 -